UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRENCE CARTER #843714,

    Petitioner,

v.                                        Case No. 2:15-cv-151
                                                  HON. PAUL L. MALONEY

DUNCAN MACLAREN,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner Terrence Carter, filed this petition for writ of habeas corpus challenging his jury conviction for first degree criminal sexual conduct in violation of Mich. Comp. Laws 750.520(1)(a). Petitioner was sentenced to a 25 to 27 ½ year term of imprisonment. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is ready for decision.

Petitioner alleges:

    I.    Ineffective assistance of trial counsel due to the failure to strike a biased juror in violation of his Sixth and Fourteenth Amendment rights.

    II.    Ineffective assistance of appellate counsel due to the failure to provide Petitioner with trial transcripts and the failure to raise Sixth and Fourteenth Amendment violations.

Petitioner appealed his conviction. On December 17, 2013, the Michigan Court of Appeals denied Petitioner's claims that counsel was ineffective for failing to properly prepare

witnesses, that the evidence presented was insufficient to support his conviction, that the jury made inconsistent findings, and that newly discovered evidence requires a finding of acquittal. (ECF No. 8-11, PageID.547-551). Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on October 28, 2014. (ECF No. 8-12, PageID.638). Petitioner filed a motion for relief from judgment raising claims of prosecutorial misconduct and newly discovered evidence. Petitioner's motion for relief from judgment was denied in the trial court. (ECF No. 8-10).

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of

the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  *Id.*  A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 412.  Rather, the application must also be "unreasonable."  *Id.*  Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable.  *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable."  *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998).  The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness.  This presumption has always been accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct.  The petitioner has the burden of rebutting

3

the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner asserts that his trial counsel erred by not challenging a juror for bias who had been a victim of a sexual assault but never reported the assault to police.  (Trial transcript, ECF No. 8-7, PageID.199).  Respondent asserts that this claim is unexhausted and procedurally barred.  Petitioner never raised this issue on appeal or in his motion for relief from judgment.  When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982).  "If the claims presented in the federal court were never actually presented in the state courts, but a state procedural rule now prohibits the state court from considering them, the claims are considered exhausted, but are procedurally barred."  *Cone v. Bell*, 243 F.3d 961, 967 (6th Cir.  2001) (citing *Coleman*, 501 U.S. at 752-53), *rev'd on other grounds*, 535 U.S. 635 (2002).

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice.  *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52.  The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence.  *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.  *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner failed to raise his claim that counsel should have excused the juror who stated she had been the victim of an unreported sexual assault in his appeal of right or in his motion for relief from judgment. Therefore, the court must consider whether there is cause and prejudice to excuse Petitioner's failure to present the claims in state court. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To show cause sufficient to excuse a failure to raise claims on direct appeal, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). A petitioner who fails to demonstrate cause and prejudice cannot have a cognizable claim. *Gray*, 518 U.S. at 162. Further, where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982) 134 n.43; *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

Petitioner asserts that his appellate counsel failed to raise this claim on appeal as cause for his procedural default. Petitioner fails to explain why he did not pursue this claim in his motion for relief from judgment in the trial court. Even if Petitioner can establish cause for his procedural default, it is the opinion of the undersigned that Petitioner has failed to establish prejudice. An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on 'those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). As the

Supreme Court recently has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.* Moreover, where a claim lacks merit, appellate counsel is not ineffective in declining to raise the issue on direct appeal. *See Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. Feb. 26, 2013) ("[A] petitioner cannot show that appellate counsel was ineffective for failing to raise a claim on appeal if the underlying claim itself lacks merit."); *Burton v. Renico*, 391 F.3d 764, 781-82 (6th Cir. 2004).

To establish trial counsel's ineffective assistance for failing to excuse a juror, Petitioner must satisfy the two-prong test: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused

shall enjoy the right to a speedy and public trial, by an impartial jury. . . ." U.S. Const. amend. VI. The right to an impartial jury is applicable to the states via the Fourteenth Amendment. *See Turner v. Louisiana*, 379 U.S. 466, 471-72 (1965); *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). Further, "due process alone has long demanded that, if a jury is to be provided the defendant, regardless of whether the Sixth Amendment requires it, the jury must stand impartial and indifferent to the extent commanded by the Sixth Amendment." *Morgan v. Illinois*, 504 U.S. 719, 727 (1992) (citations omitted). "The *voir dire* is designed "'to protect [this] right by exposing possible biases, both known and unknown, on the part of potential jurors.'" *Dennis v. Mitchell*, 354 F.3d 511, 520 (6th Cir. 2003) (quoting *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984)). Thus, "[t]he necessity of truthful answers by prospective jurors if this process is to serve its purpose is obvious." *Id.*

When a juror's impartiality is called into question, the relevant issue is "'did [the] juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality be believed.'" *Dennis*, 354 F.3d at 520 (quoting *Patton v. Yount*, 467 U.S. 1025, 1036 (1984)). In order for a petitioner to be entitled to habeas relief based on a juror's non-disclosure during *voir dire*, the petitioner "must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough*, 464 U.S. at 556. The *McDonough* test applies regardless of whether it is alleged that a juror intentionally concealed information. *Dennis*, 354 F.3d at 520 (6th Cir. 2003) (citing *Zerka v. Green*, 49 F.3d 1181, 1185 (6th Cir. 1995)) (applying *McDonough*, which involved an inadvertent failure of a juror to disclose, to cases in which a juror intentionally failed to disclose)). As the *McDonough* Court explained, "[t]he motives for concealing information may vary, but only those

reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial." *McDonough,* 464 U.S. at 556. "'If a juror is found to have deliberately concealed material information, bias *may* be inferred. If, however, information is *not* concealed deliberately, the movant must show *actual bias.*'" *Zerka*, 49 F.3d at 1186 (quoting *United States v. Patrick*, 965 F.2d 1390, 1399 (6th Cir. 1988)).

Petitioner is not asserting that the juror concealed information during *voir dire*, rather petitioner argues that his trial counsel should have challenged the juror based upon her disclosure that she had been sexually assaulted in past, but never reported the assault to police. The question of bias of an individual juror at a state criminal trial is one of fact. *Dennis,* 354 F.3d at 520 (citing *Patton v. Yount,* 467 U.S. 1025, 1036 (1984)); *see also Sizemore v. Fletcher,* 921 F.2d 667, 672-73 (6th Cir. 1990) (citing *Smith v. Phillips*, 455 U.S. 209, 218 (1982)). There exists nothing in the record that could support Petitioner's claim of juror bias. The mere fact that a juror is the victim of a sexual assault cannot, alone, establish bias. *Gonzales v. Thomas*, 99 F.3d 978 (10th Cir. 1996) (juror was not biased due to fact that she failed to disclose during *voir dire* that she was date raped 25 years earlier although she disclosed her experiences during juror deliberations); *Davenport v. Davis*, No. 07-12047, 2009 WL 960411 (E.D. Mich. Apr. 7, 2009) (denying habeas petition asserting ineffective counsel for failing to challenge juror who was the victim of a sexual assault where petitioner failed to show actual bias towards him). In fact, the transcript of the jury *voir dire* supports a conclusion that Petitioner cannot establish jury bias. The juror in question never provided cause for counsel to question her impartiality. In fact, the record supports that the jury was unbiased and properly selected. There exists no basis in the record to find counsel's failure to excuse this juror as error. Similarly, Petitioner's separate ineffective appellate counsel claims fail for these reasons. In the opinion of the undersigned, Petitioner has

failed to show prejudice for his procedural default of this issue.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: December 4, 2018